IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL HEILMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 99-0679-CV-W-HFS |
| | ) | |
| PERFECTION CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| In re Claim of DELTA MECHANICAL, | ) | |
| INC., an Arizona Corporation, | ) | |
| | ) | |
| Claimant. | ) | |

**MEMORANDUM AND OPINION**

Non-party Delta Mechanical, Inc. filed a motion to enforce the class action settlement agreement in this case. Defendants Rheem Manufacturing Company, American Water Heater Company, Bradford White Corporation, A.O. Smith Corporation, Lochnivar Corporation, and State Industries, Inc. (the Settling Defendants) opposed the motion, arguing that Delta did not have standing to move for enforcement of the settlement agreement because it is not party in this action and did not seek to intervene in this action. Then Delta filed a motion to treat its motion to enforce the class action settlement agreement as a motion to intervene. For the reasons set forth below, the court will grant Delta's motion to treat its motion to enforce the settlement agreement as a motion to intervene; Delta's motion to enforce, construed as a motion to intervene, will be denied.

**I.    Background**

Delta seeks to enforce the class action settlement agreement entered into by plaintiffs,

individually and on behalf of the plaintiffs' class, and the Settling Defendants on September 10, 1999. The settlement agreement received the court's final approval on May 1, 2000. The class was defined as "all persons throughout the United States who own a water heater manufactured by a Tank Manufacturer [Settling Defendants] containing a Subject Dip Tube or who owned such a heater and suffered damages." Under the settlement agreement, class members who owned a water heater with a subject dip tube but who had not incurred related out-of-pocket expenses were eligible for replacement of the dip tubes. The claims procedure required each class member to submit a completed, timely and valid Proof of Claim to the Claims Administrator, who (after verifying the claim for eligibility) would send the class member a redemption certificate. The deadline for submission of Proofs of Claim was December 31, 2000. Redemption certificates had to be redeemed within 6 months of their receipt and were accompanied by a list of approved plumbers. Each class member was to present the redemption certificate to an approved plumber, who would perform the necessary work and then submit the redemption certificate and the subject dip tube (or its remains) to the Claims Administrator for reimbursement.

Delta was one of a network of plumbing contractors authorized to do the dip tube replacement work under the settlement agreement.[1] Delta apparently performed the dip tube replacement work for a large number of customers from January 2000 through December 2001. Delta asserts that many of its customers had submitted Proofs of Claim but never received redemption certificates from the Claims Administrator.[2] Delta acknowledges that by December

---

[1]According to the Settling Defendants, at some point the Claims Administrator expelled Delta from the settlement program for "improper conduct."

[2]The Settling Defendants note that Delta was capable of complying with the terms of the settlement agreement. In one letter seeking reimbursement, Delta asserted that it had received

2

2001, it had performed dip tube replacement work for 3,997 customers without redemption certificates; most of that work was completed by June 30, 2001. Subsequently, Delta requested reimbursement of nearly $500,000 from the Claims Administrator, but the reimbursement requests were denied because they did not include the required redemption certificates.[3] Delta asserts that the Claims Administrator created the problem by failing to send redemption certificates to eligible class members, and that the Settling Defendants should not be allowed to avoid reimbursement by pointing to the absence of certificates that were never sent. The Settling Defendants contend that Delta has not demonstrated that the customers in question submitted timely and valid Proofs of Claim, that they were eligible to receive redemption certificates, and that they did not receive such certificates from the Claims Administrator.[4]

On April 15, 2004, Delta filed a motion to enforce the class action settlement agreement. After the Settling Defendants questioned Delta's standing to bring such a motion, Delta filed a motion to treat its motion to enforce the settlement agreement as a motion to intervene.

---

more than $3 million by properly redeeming nearly 24,000 redemption certificates. Motion to Enforce, Ex. 8.

[3]The record does not reflect when Delta made its original reimbursement request or requests with regard to work done for customers without redemption certificates. Delta engaged a collection agency, which pursued payment from the Claims Administrator for some of Delta's reimbursement claims, as documented by correspondence from December 3, 2001 through May 9, 2002. On February 10, 2003, Delta's counsel sent a letter to counsel for the Settling Defendants about getting reimbursed. Later, Delta's counsel corresponded on and off with counsel for the Claims Administrator company from June 18, 2003 through January 6, 2004. (An August 12, 2003 letter from the Claims Administrator's counsel informed Delta that the settlement fund "has been exhausted.")

[4]Delta attached various "Not Paid Lists" to its motion to enforce that identify customers Delta claims to have provided service to, their addresses, and the charges for service. These lists do not constitute proof that the customers were class members who followed the required procedures to receive benefits.

3

**II.    Analysis**

Jurisdiction

At the outset, the court notes that (absent intervention) it does not have jurisdiction to hear non-party Delta's motion to enforce the settlement agreement. In the court's Final Judgment in this case, it "reserve[d] exclusive and continuing jurisdiction over this Action and the Settling Parties, including all members of the Class, for the purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement . . . ." Delta is neither a party nor a class member.

Intervention as a Matter of Right

Federal Rule of Civil Procedure 24(a)(2) provides that an interested third party may intervene in an action as a matter of right if certain requirements are met.[5] The proposed intervenor must demonstrate that: "(1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." South Dakota ex rel. Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003). The fourth and final requirement is that the motion to intervene must be "timely." Fed. R. Civ. P. 24(a)(2); United States v. Union Elec. Co., 64 F.3d 1152, 1158 (8th Cir. 1995). In the analysis of a motion to intervene, Rule 24 is to be construed liberally and all doubts must be resolved in favor of the proposed intervenor. Union Elec., 64 F.3d at 1158.

Delta initially argues that it is entitled to intervene as a matter of right because it "stands in

---

[5]Although not addressed in the briefing, the court notes that Article III standing is a prerequisite for intervention in a federal lawsuit. Curry v. Regents of Univ. of Minnesota, 167 F.3d 420, 422 (8th Cir. 1999). Based on the record, the court is satisfied that Delta has made a showing of an injury in fact, causation, and redressability sufficient to establish standing.

4

the shoes" of eligible class members. The court disagrees. Although Delta's claim for reimbursement for dip tube work derives from class members, Delta is not an assignee or agent of any class member and therefore does not stand in shoes of class members.[6] The settlement agreement entitled eligible class members to a redemption certificate for dip tube work; class members have no claim for reimbursement from the settlement fund. Delta has performed the dip tube work and is now asserting its reimbursement claim on its own behalf. Thus, the court will evaluate whether Delta may intervene as a matter of right on its own.

As to the first intervention requirement, Delta has failed to demonstrate that it has a "recognized interest" in the subject matter of the litigation. At most, Delta has a collateral economic interest in reimbursement from the class action settlement fund, alleging entitlement to about $500,000 for dip tube work it performed. That is not enough. The Settling Defendants argue that a purely economic interest is not sufficient to support intervention. See, e.g., Standard Heating and Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 571 (8th Cir. 1998) (finding that proposed intervenors' economic interests were "too speculative to be 'direct, substantial and legally protectable' interests as required by Rule 24(a)(2)."); Eischeid v. Dover Const., Inc., 217 F.R.D. 448, 468 (N.D. Iowa 2003) (stating that proposed intervenor "must show more than a mere economic interest"). Here, Delta's briefing expressly asserts that its interest is an economic one; that cuts

---

[6] By contrast, when Plumbers Express sought to intervene in late 2001, it had entered into agency agreements with a number of class members, whereby Plumbing Express submitted Proofs of Claim on their behalf and received redemption certificates from the Claims Administrator. Plumbing Express moved to intervene when the Claims Administrator indicated that no requests for reimbursement received after August 15, 2001 would be paid. The court ultimately allowed Plumbing Express to intervene "for the purpose of enforcing the settlement agreement as to its customers, but not to assert any other claims or disputes it may have with any other party to this action." January 3, 2002 Order.

5

against intervention. Even if the court were to assume that Delta's economic interest was sufficient, it still would not constitute a "recognized interest" because it is a collateral, not a direct, interest. The subject matter of the present litigation is plaintiffs' claim against defendants arising from allegedly defective dip tubes. Delta claims no interest in core of the case; rather, it asserts "an economic interest in the settlement fund." Although the settlement fund resulted from the ultimate resolution of the litigation, any interest in the fund's monies is collateral to the subject matter of the litigation. Because Delta's interest is economic and collateral, the court finds that the "recognized interest" requirement has not been satisfied. Despite this failure, the court will continue the analysis as if a recognized interest had been demonstrated.

The second requirement is that the recognized interest might be impaired by the disposition of the case. The Settling Defendants assert that because the case has been effectively closed for more than 2 years, nothing in the litigation could impair Delta's interests. Indeed, it is hard to imagine how Delta's interest would be impaired by a long-ago closed case. Either Delta is entitled to reimbursement or not; nothing in this dormant litigation impairs Delta's interest.[7] Therefore, the court finds that Delta has not demonstrated that its interest may be impaired by this case's disposition.

As to the third requirement, Delta's interest is not adequately protected by existing parties in the action.[8] Delta's customers, purported members of the plaintiff class, had an interest in having

---

[7]In its briefing, Delta contends that absent intervention, it will not be able to protect and collect on its economic interest in the settlement fund. On the contrary, intervention in the present case is not Delta's only recourse. Delta could file a separate suit against the Settling Defendants, seeking payment for the dip tube work.

[8]The Settling Defendants have not challenged the satisfaction of this requirement.

6

the dip tube repairs done. But because Delta's work has long since been completed, the class members have received their benefit and likely have little if any incentive to protect Delta's interest in being reimbursed for that work. Therefore, this requirement is satisfied.

The final requirement is that the motion to intervene must be "timely." Factors to consider in the timeliness determination include (1) how far the proceedings have progressed, (2) the reasons for the delay, and (3) the risk of prejudice to other parties from the delay. Taylor v. Southwestern Bell Tel. Co., 251 F.3d 735, 741 (8th Cir. 2001). The progress of proceedings factor is of little help here,[9] so the court will focus on the remaining factors. Delta completed most of the dip tube work at issue by June 30, 2001 (though some as late as December 2001), but it did not file its motion to enforce the settlement agreement until April 15, 2004. The Settling Defendants argue that the nearly 3-year delay was excessive. In explaining the reasons for its delay, Delta cites its efforts to obtain reimbursement, as documented in various exhibits to its briefing. Delta hired a collection agency that pursued reimbursement from the Claims Administrator through correspondence dated December 3, 2001 through May 9, 2002. Delta asserts that its managers continued with phone calls through the balance of 2002. On February 10, 2003, Delta's counsel sent a letter to counsel for the Settling Defendants about getting reimbursed. Then Delta's counsel corresponded on and off with the Claims Administrator company's counsel from June 18, 2003 through January 6, 2004. More than 3 months later, Delta took legal action.

In the court's view, Delta's stated reasons for delay cut against the timeliness of its attempted intervention. Although Delta engaged in prolonged efforts to seek reimbursement, the time period

---

[9]Intervention prior to the conclusion of the case's proceedings was not possible. Non-party Delta seeks enforce the settlement agreement, which received final court approval on May 1, 2000; the case was closed that same day.

7

is replete with many months of inactivity. Delta offers no explanation for these periods of inaction, nor does it explain why it did not pursue intervention earlier. Delta's delay has also been at least somewhat prejudicial to the Settling Defendants. They argue that because class members had to submit Proofs of Claim by December 31, 2000, which had to be redeemed within 6 months, the Settling Defendants did not anticipate that the settlement fund would need to be administered nearly 4 years after the settlement agreement had been approved. Apparently they paid the final bill from the Claims Administrator in 2001. After careful consideration of the relevant factors, the court finds that Delta's attempt to intervene was not timely.

In sum, Delta is not entitled to intervene as a matter of right because it has failed to demonstrate three of the four requirements: that it has a "recognized interest," that its interest might be impaired by the case's disposition, and that its attempt to intervene was timely.

Permissive Intervention

Delta also briefly argues that the court should allow it to permissively intervene.[10] Federal Rule of Civil Procedure 24(b)(2) provides that a non-party may be permitted to intervene when its "claim or defense and the main action have a question of law or fact in common." Just like a motion to intervene as of right, a motion for permissive intervention must be timely to be granted. As discussed above, Delta's attempt to intervention was not timely. Thus, even assuming that Delta could demonstrate a common question of law or fact between its claim and the main action, the failure of the timeliness requirement means that Delta may not permissively intervene.

Third-Party Beneficiary Status

---

[10]Delta's permissive intervention argument consists of two sentences and cites no authority.

8

Lastly, Delta argues that it is a third-party beneficiary of the class action settlement agreement and thus should be permitted to intervene to enforce the agreement. The settlement agreement provided that eligible class members who submitted valid, timely Proofs of Claim would receive redemption certificates (valid for 6 months) to present to approved plumbers, who would perform the necessary dip tube work. To receive reimbursement from the settlement fund for the dip tube work, the approved plumbers had to submit the redemption certificates to the Claims Administrator. Eligible class members were no doubt the agreement's primary beneficiaries.

The Settling Defendants argue that the settlement agreement "does not contain any indication of an intent to confer third-party-beneficiary status on Delta or any other plumber," and that the approved plumbers "formed part of the administrative arm of the settlement." In fact, "authorized service personnel" and "approved plumbers" were expressly mentioned in the agreement and were the mechanism by which the dip tube work was accomplished. The court concludes that Delta (an approved plumber) is a third-party beneficiary, as the agreement entitles approved plumbers to reimbursement from the settlement fund for properly documented dip tube repair work. Additionally, the Settling Defendants argue that any reimbursement to Delta for dip tube work was "purely incidental" to the eligible class members' receipt of benefits. They note that incidental beneficiaries, unlike intended beneficiaries, do not have the right to enforce an agreement or contract, and cite Johnson Farm Equip. Co. v. Cook, 230 F.2d 119, 124 (8th Cir. 1956). After reviewing the agreement, the court finds that Delta is an intended third-party beneficiary.

Although Delta is a third-party beneficiary with a right to enforce the settlement agreement, Delta (a non-party) can only effectuate that right in this case if it is allowed to intervene. Whether described as a claim for reimbursement from the settlement fund or a third-party beneficiary's right

9

to enforce the settlement agreement, the relief Delta seeks is the same – reimbursement from the Settling Defendants for dip tube work performed. As discussed at length above, Delta has not demonstrated satisfaction of the requirements for intervention as a matter of right or permissive intervention. Nothing about Delta's status as a third-party beneficiary changes that conclusion.

Accordingly, it is hereby

ORDERED that non-party Delta Mechanical, Inc.'s motion to treat its motion to enforce the class action settlement agreement as a motion to intervene (ECF doc. 95) is GRANTED to the extent it seeks the relief sought in the pleading's title. The court notes that despite the pleading's title, the motion was electronically filed as a motion to intervene. To ensure that the record is clear, Delta's motion (ECF doc. 95) is DENIED to the extent that it seeks intervention. It is further

ORDERED that Delta Mechanical, Inc.'s motion to enforce the class action settlement agreement, which the court treats as a motion to intervene (ECF doc. 88) is DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September 27, 2005

Kansas City, Missouri